# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHNNIE DESHAWN COOK,           Case No. 1:19-cv-624
     Plaintiff,

                                Black, J.
     vs.                         Bowman, M.J.

CYNTHIA DAVIS,                  **REPORT AND**
     Defendant.                  **RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution, has filed a pro se civil rights complaint, which the Court construes as filed pursuant to 42 U.S.C. § 1983.[1]  The sole defendant in the complaint is Cynthia Davis, an employee at the Southern Ohio Correctional Facility (SOCF).  Plaintiff alleges that Davis violated his right to due process while he was incarcerated at SOCF.  (Doc. 1-1).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To

---

[1] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that on September 6, 2018, members of the Serious Misconduct Panel (SMP), who are not named as defendants in this action,[2] found him guilty of conspiring or attempting to convey, introduce, or possess major contraband. (Doc. 1-1, at PageID 14). The SMP recommended that plaintiff be placed in Extended Restrictive Housing (ERH), level one. (Doc. 1-1, at PageID 14). Plaintiff did not appeal the SMP's recommendation. (Doc. 1-1, at PageID 14). Plaintiff asserts that on October 19, 2018, a representative of the Bureau of Classification and Reception, who is not named as a defendant in this action, affirmed plaintiff's placement in ERH for twelve months, with eligibility for "presumptive reduction." (Doc. 1-1, at PageID 14).

---

[2] A number of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

Plaintiff alleges that on December 4, 2018, the Interim Director of the Ohio Department of Rehabilitation and Correction approved a new policy (No. 53-CLS-10) governing Review and Release of Extended Restrictive Housing Inmates, which "gave the ERH review committee mandatory duties to safeguard all inmate rights." (Doc. 1-1, at PageID 14).

Plaintiff alleges that on March 13, 2019, he "signed a waiver of [his] forty-eight (48) hours notice on the Classification and Reclassification Processing Form to be released to ERHT Unit provided by the [non-defendant] Review Committee (Unit Staff)." (Doc. 1-1, at PageID 14).[3] Plaintiff asserts that on April 21, 2019, he was still in ERH and submitted a kite to defendant Davis asking "why [he] was still being held in ERH when in fact [he] was recommended for release to ERHT, because [he] wanted to receive [his] special visit from [his] family from Orlando, Florida." (Doc. 1-1, at PageID 14, 16). Plaintiff alleges that Davis responded that his next review would be in "July 20[1]9." (Doc. 1-1, at PageID 16). Plaintiff claims that he was not notified of the decision to retain him in ERH for six more months, which concerned him because he wanted to appeal that decision. (Doc. 1-1, at PageID 16).

Plaintiff alleges that on May 2, 2019, he filed a grievance against two non-defendant SOCF staff members concerning plaintiff's "missing" Classification and Reclassification Form. (Doc. 1-1, at PageID 16). Plaintiff alleges that he also asked Davis why he had not been released to ERHT "based on [non-defendant] Warden Erdos['s] statement that [plaintiff] was waiting for bed space." (Doc. 1-1, at PageID 16). On May 9, 2019, Davis allegedly responded that plaintiff had violated his Inmate Adjustment Plan by receiving a disciplinary conviction for fighting.

---

[3]The Court understands plaintiff's reference to ERHT to be a reference to ERH Transitional, a security level for inmates preparing to be released to the general prison population. *See* ODRC Policy 53-CLS-10, at p. 2. *See also Shelton v. Jordan*, No. 3:17cv681, 2017 WL 1653581, at *3 n.1 (M.D. Tenn. May 2, 2017) ("District Courts may take judicial notice of published governmental policies and procedures.") (citing *Kelleher v. Dream Catcher, LLC*, No. 1:16cv2092 (APM), 221 F.Supp.3d 157, 160 n.2 (D.D.C. Dec. 23, 2016)).

(Doc. 1-1, at PageID 16). Plaintiff alleges that he "kited" the Institutional Inspector, who is not named as a defendant in this action, but was told the issue was not grievable. (Doc. 1-1, at PageID 16).

Based on the above allegations, plaintiff claims that Davis denied him due process by failing to provide him the opportunity to appeal his retention in ERH in accordance with the procedures set forth in Policy 53-CLS-10. (Doc. 1-1, at PageID 14, 16). Plaintiff seeks monetary damages against Davis in her official and individual capacities. (Doc. 1-1, at PageID 15).

Under relevant screening standards, plaintiff's complaint should be dismissed with prejudice in its entirety for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, any claim against Davis in her official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v.* Jordan, 415 U.S. 651 (1974). An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, Davis in her official capacity is immune from suit to the extent that plaintiff seeks monetary damages.

Next, to the extent that plaintiff claims that defendant Davis violated his procedural due process rights by allegedly failing to follow Policy 53-CLS-10, "[a] prison official's failure to comply with a state administrative rule or policy does not itself rise to the level of a constitutional violation." *Roberts v. Croft*, No. 1:12cv0936, 2012 WL 3061384, at *11 (N.D.

5

Ohio July 26, 2012) (Nugent, J.) (citing *Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at * 1 (6th Cir. Apr. 21, 1995)).  *See also Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.").  This claim is therefore subject to dismissal.

Rather, in *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin,* 515 U.S. at 484, 487; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir.2002).  The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration.  *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden–Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir.2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8–year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process").  *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff does not allege that his retention in ERH had the effect of altering the term of his imprisonment. *See Sandin*, 515 U.S. at 487. Nor does he allege facts to support the inference that the sanction was so lengthy in duration as to rise to the level of an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*).

Although plaintiff suggests that he is subject to visitation restrictions in ERH (*see* Doc. 1-1, at PageID 14, 16), "[f]ederal courts have . . . consistently held that prisoners have no constitutionally protected liberty interest in visitation." *Kanatzer v. Snellan*, No. 3:19-CV-P179-RGJ, 2019 WL 1928524, at *2 (W.D. Ky. Apr. 30, 2019). *See also Bazzetta v. McGinnis*, 430 F.3d 795, 804-05 (6th Cir. 2005) ("We know of no circuit that has found an implicit due process right to prison visitation."); *cf. Walker v. Coffee*, No. 1:18-cv-1965, 2019 WL 998809, at *4 (N.D. Ohio Mar. 1, 2019) (Polster, J.) ("Restrictions on visitors do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life and, therefore, do not

implicate constitutional due process requirements."), *appeal filed*, No. 19-3256 (6th Cir. Mar. 27, 2019).

Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim. *See Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) ("Without a protected liberty interest, [a prisoner] cannot successfully claim that his due process rights were violated because 'process is not an end in itself.'") (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

Finally, to the extent that plaintiff seeks to hold Davis liable for her failure to investigate or remedy the situation these claims should also be dismissed. Prison officials whose only roles "'involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      The plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good

faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHNNIE DESHAWN COOK,           Case No. 1:19-cv-624
      Plaintiff,

                                  Black, J.
      vs.                           Bowman, M.J.

CYNTHIA DAVIS,
      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).